UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARENCE AUSTIN,
     Plaintiff,

v.

CONNECTICUT DEPARTMENT OF
CORRECTION, ET AL.,
     Defendants.

PRISONER
CASE NO. 3:11-cv-112 (RNC)

### RULING AND ORDER

Plaintiff, formerly incarcerated at MacDougall Correctional Institution, brings this action *pro se* under 42 U.S.C. § 1983 against the Connecticut Department of Correction ("DOC") and others seeking damages for an injury to his wrist. The case is before the Court for initial review of the amended complaint under 28 U.S.C. § 1915A. The original complaint was dismissed on initial review with leave to amend. The amended complaint lists the following defendants: the DOC; the Warden of MacDougall, Peter Murphy; Lieutenant John Doe; Officers John Doe and Nurse Jane Doe. The amended complaint adds nothing of substance to what was alleged before. Accordingly, the amended complaint is dismissed.

Under 28 U.S.C. § 1915A, a court is required to review a prisoner's complaint against government officials and dismiss any part of it that fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. To withstand initial review, a complaint must contain sufficient factual matter to state a claim to relief that

is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

   The plaintiff's amended complaint, viewed in conjunction with the original, alleges the following.  While in DOC custody, the plaintiff suffered from seizures and blackouts.  When he was transferred to MacDougall, he disclosed this information and received medications to address the problem.  On July 22, 2010, he woke up in the medical unit at MacDougall with his right wrist wrapped in bloody gauze.  He asked a nurse why his hand was injured.  She replied that he had been placed in handcuffs to control his hands and the handcuffs had caused the injury.  The plaintiff has a permanent scar on his right wrist.

   An excerpt from the plaintiff's medical records accompanies the amended complaint.  It shows that on July 22, 2010, a nurse found the plaintiff on the floor of his cell.  She thought he might have had a seizure.  He was combative and tried to resist nursing care, so he was placed in handcuffs.  He was then taken to the medical unit on a stretcher.  The plaintiff suffered a three inch laceration to his right wrist while fighting the restraint provided by the handcuffs.  The wound was cleaned and a dressing was applied.  The nurse instructed the plaintiff to

return to the medical unit as needed for treatment of the wound.

Accepting the plaintiff's allegations as true, and construing them liberally in his favor, they fail to state a claim on which relief can be granted under § 1983 with regard to any of the named defendants.

With regard to the DOC, no claim is stated because it is well-established that state agencies are not subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

With regard to Warden Murphy, no claim is stated because there are no allegations against this defendant in the body of the amended complaint. To state a claim against Warden Murphy, the plaintiff would have to allege facts showing that the injury to his wrist was caused by conduct on the part of the warden in violation of the plaintiff's constitutional rights. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). The facts alleged by the plaintiff do not suggest that the injury to his wrist was caused by any act or omission on the part of Warden Murphy.

With regard to the John Doe defendants, the Court assumes that the plaintiff is attempting to sue the correctional staff who applied the handcuffs to his wrists on the grounds that they

used excessive force or acted with deliberate indifference to his health and safety. To state a claim for excessive force, the plaintiff would have to allege facts showing that the handcuffs were applied not in a good faith attempt to control his hands but maliciously or sadistically to cause harm. See Davidson v. Flynn, 32 F.3d 27, 29-30 (2d Cir. 1994). To state a claim for deliberate indifference, the plaintiff would have to allege facts showing that the defendants acted with reckless disregard of a substantial risk of serious harm to the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). No such facts are alleged.

The plaintiff seems to believe that the injury he sustained as a result of the handcuffs provides a sufficient basis for a claim under § 1983. However, the injury to the plaintiff's wrist does not itself support a plausible inference that the handcuffs were applied improperly or that any member of the correctional staff at MacDougall acted with the wrongful state of mind required to violate the plaintiff's constitutional rights. Construed most favorably to the plaintiff, the amended complaint may be attempting to allege that the injury could have been avoided if people had been more careful. But negligence does not provide a basis for a claim under § 1983. See Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996).

With regard to Nurse Jane Doe, the Court similarly assumes that the plaintiff is attempting to state a claim for excessive force or deliberate indifference. Here again, however,

no facts are alleged to support a plausible inference that any nurse acted with the culpable state of mind required to support a claim for damages under § 1983.

Accordingly, the claims in the amended complaint are hereby dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The motion for appointment of counsel is denied as moot. The plaintiff will not be given another opportunity to amend his complaint because it appears that he cannot allege facts supporting a claim for relief under § 1983. Instead, the Clerk will enter judgment in favor of the defendants and close the case.

The Pro Se Prisoner Litigation Office will send a courtesy copy of the complaint, the amended complaint, the Initial Review Order and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit. In addition, the Office will send a copy of this Ruling and Order to the plaintiff.

So ordered this 24th day of August 2012.

/s/ Robert N. Chatigny, USDJ
Robert N. Chatigny
United States District Judge